**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL MATTHEW MATLOCK,

    Defendant - Appellant.

No. 24-7054
(D.C. No. 6:22-CR-00158-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Following a jury trial, Daniel Matlock was found guilty of, inter alia, Sexual

Abuse in Indian Country, in violation of 18 U.S.C. §§ 2242(1), 2246(2)(A), 1151,

1153. On appeal, Matlock asserts the evidence was insufficient for a jury to find

beyond a reasonable doubt that he knowingly placed the victim of the abuse in fear.

*Cf. id.* § 2242(1) (criminalizing the following conduct: "knowingly[] caus[ing]

another person to engage in a sexual act by threatening or placing that other person in

---

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, on May 2, 2025, this court entered an order submitting the case without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fear"). Implicit in Matlock's appellate argument is the proposition § 2242(1)'s "knowingly" mens rea element applies to both the causing-another-person-to-engage-in-a-sexual-act element *and* the placing-that-other-person-in-fear element. This court recently held, however, that § 2242(1)'s knowingly mens rea element does not extend to the fear element. *United States v. Flaming*, 133 F.4th 1011, 1023-25 (10th Cir. 2025). Because *Flaming* forecloses Matlock's sole claim of error, this court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

Although the parties' merits briefs were filed before this court issued *Flaming*, this court invited the parties to file supplemental briefs addressing that decision. Matlock filed a supplemental brief and the government responded thereto. Matlock's supplemental brief appears to grudgingly recognize *Flaming* forecloses his claim of error. *See* Appellant's Supp. Br. at 2-3 ("The most straight-forward reading of [§ 2242(1)] is that it is violated when someone uses threats or intimidation to cause another person to engage in a sexual act. However, the *Flaming* Court held that prior precedent compelled otherwise."). Matlock nevertheless asserts this panel should disregard *Flaming* because it was wrongly decided. *See id.* at 3-4, 4-7 (arguing *Flaming* relies on a misreading of this court's decision in *United States v. Castillo*, 140 F.3d 874, 885-86 (10th Cir. 1998)[1] and, even assuming *Flaming* did not

---

[1] Page three of Matlock's supplemental brief argues as follows: "In *Flaming*, the appellant argued, as Mr. Matlock does here, that § 2242(1) requires that 'defendants have the specific intent to put someone in fear.'" [*United States v. Flaming*, 133 F.4th 1011, 1024 (10th Cir. 2025)]. *Flaming* [incorrectly] deemed *United States v. Castillo* to have foreclosed this argument."

misconstrue *Castillo*, *Castillo* is no longer good law[2]). Matlock's arguments in these regards can be boiled down to the following essence: "[T]his Court should not follow *Flaming* because it was wrongly decided." Appellee's Supp. Br. at 2. Such an approach is at odds with binding circuit precedent. This court is "bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). Matlock has not identified any en banc or Supreme Court decisions issued *after Flaming* calling *Flaming* into question. Nor has he identified an exception to the *Smith* rule that would allow this panel to reconsider *Flaming*'s reliance on *Castillo*. *Flaming* is a published opinion and constitutes binding authority this panel must apply. *Flaming* holds § 2242(1) "require[s] that the defendant 'knowingly' committed the act" but does not "require[] that a defendant specifically intend to place a victim in fear." 133 F.4th at 1024 (quoting *Castillo*, 140 F.3d at 885-86). Thus, *Flaming* dooms Matlock's sufficiency-of-the-evidence claim.

Alternatively, Matlock asserts *Flaming* is distinguishable on its facts. He argues there is no record evidence he knew his victim was in fear. He notes that the defendant in *Flaming*, on the other hand, "understood from the evidence that [his] lewd or indecent proposition of oral sex frightened the minor." *Flaming*, 133 F.4th at 1023 (alterations and quotations omitted). Matlock seizes on this

---

[2] Page four of Matlock's supplemental brief argues as follows: "The *Castillo* method of statutory interpretation, as understood by *Flaming*, cannot survive subsequent Supreme Court decisions."

3

"underst[anding]" to claim the defendant in *Flaming*, unlike him, knew his victim was in fear. *Id.* In so arguing, Matlock misinterprets *Flaming*. The *Flaming* defendant's concession relates to whether his victim was actually placed in fear, not whether the defendant knew or intended to place the victim in fear. *See id.* at 1024 ("Flaming does not dispute that his conduct 'frightened' Doe generally."). This court specifically recognized the *Flaming* defendant's challenge to the sufficiency of the evidence was whether "the evidence is insufficient to show that he *intended to use fear* to cause [his victim] to engage in a sexual act." *Id.* at 1023 (quotation omitted). That is the exact argument Matlock makes in this appeal. *See* Appellant's Opening Br. at 12 ("[N]o evidence was presented that Mr. Matlock knew [the victim] was afraid or that he had intended or attempted to place her in fear or that he had attempted to accomplish the assault by inducing fear. Hence, he did not *knowingly place* her in fear—an essential element of the crime."). And, like the defendant in *Flaming* did on appeal, Matlock concedes in his opening brief there was sufficient evidence his victim was placed in fear because the victim "did testify that she was in fear during the assault." *Id.* Thus, *Flaming* is factually on all fours with this case.

*Flaming* directly rejects Matlock's argument "that the 'fear' element under § 2242 requires that a defendant specifically intend to place a victim in fear." *See* 133 F.4th at 1024. We are bound by the rule of law set out in *Flaming*. *In re Smith*, 10 F.3d at 724. Matlock's arguments that *Flaming* was wrongly decided must be presented to the en banc court, not this three-judge panel. *Id.*

4

Accordingly, the district court's judgment of conviction is hereby

**AFFIRMED**.

Entered for the Court

Michael R. Murphy
Circuit Judge